UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW J. PRING,<br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>  Defendant. | No. 1:24-cv-328<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff Matthew J. Pring's objection to the January 3, 2025 report and recommendation. (ECF No. 17). Judge Green issued a report and recommendation, which would affirm the Commissioner's decision. (ECF No. 16). The court will adopt the report and recommendation over Plaintiff's objection.

### I.

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Titles II of the Social Security Act. Section 405(g) limits this court's review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it must stand.

### II.

After service of a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the

1

portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## III.

Plaintiff raises three objections. None are meritorious. The court will adopt the report and recommendation.

Plaintiff's first and second objections argue that the R&R erred when it did not reweigh the evidence of the case, particularly as it relates to medical source opinions. Plaintiff contends that after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the court "can consider the current evidentiary hierarchy used by the Defendant without deferring to it." (ECF No. 17 at PageID.559). On the contrary, *Loper Bright Enterprises* held that under the Administrative Procedure Act, courts may not defer to an agency's interpretation of the law simply because a statute is ambiguous. But Plaintiff's case does not consider ambiguous statutes or statutory interpretation. The court acknowledges that the broadest effects of *Loper*

*Bright Enterprises* remain unknown, but because it is not a social security case, the R&R did not err when it rejected the invitation to undo decades of social security jurisprudence. Accordingly, the first two objections are rejected.

Third, Plaintiff argues that his case should be remanded to the ALJ because his first attorney provided him with ineffective assistance of counsel. The court will reject this objection because it is well established that such claims are not cognizable when reviewing the Commissioner's decision in civil cases. *Meadows v. Astrue*, 2012 WL 5205798 at *4 (N.D. Ohio, Sept. 25, 2012); *see also, Zimmerman v. Commissioner of Social Security*, 2016 WL 5799163 at *5 n.3 (W.D. Mich., Oct. 5, 2016). The court finds that Plaintiff did not show clear prejudice or unfairness in his proceedings. Plaintiff had counsel and a hearing.

## IV.

The court has reviewed this matter. The court will adopt the report and recommendation and affirm the findings of the administrative law judge. This action is dismissed.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 16) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

Date: March 28, 2025                                  /s/ Paul L. Maloney
                                                                                                  Paul L. Maloney
                                                                                                  United States District Judge